43312.   GLEN FALLS INSURANCE COMPANY et al.
v. MERCK.

PANNELL, Judge.   Where, as in the present case, it appears that the employer, a college, maintained a construction and maintenance crew for work on its property and in order to keep these crews busy and working, permitted and authorized them by direction of their supervisor to do work on the property of members of the college staff, at times, but not always, charging the staff member with the workers' time and materials for which the college was reimbursed by the staff member, that the purpose in doing so was a part of the services that the college rendered its staff and faculty and to keep the employees busy so as to prevent them from leaving the job, the director and the State Board of Workmen's Compensation were authorized to find that an employee, accidentally injured while doing such work, received such injury arising out of and within the scope of his employment. See *F. E. Fortenberry & Sons v. Malmberg*, 97 Ga. App. 162 (2) (102 SE2d 667); *J. W. Starr & Sons Lumber Co. v. York*, 89 Ga. App. 22, 28 (78 SE2d 429). In this case, there is direct evidence that the method of operation was for the benefit of the employer in maintaining and keeping a construction and maintenance crew, whereas in *American Mutual Liab. Ins. Co. v. Lemming*, 187 Ga. 378 (200 SE 141), relied on by appellant, there was no such testimony. An inference arising from the evidence that this may be so is not sufficient. See *Corum v. Edwards-Warren Tire Co.*, 110 Ga. App. 33, 34 (3) (137 SE2d 738). The judge of the superior court did not err in affirming the award of the State Board of Workmen's Compensation.

*Judgment affirmed. Jordan, P. J., and Deen, J., concur.*

SUBMITTED JANUARY 9, 1968—DECIDED JANUARY 15, 1968—REHEARING DENIED JANUARY 31, 1968—CERT. ■■■■■■

*Woodruff, Savell, Lane & Williams, Ronald L. Davis, John M. Williams*, for appellants.

*Ellard & Frankum, Stephen D. Frankum*, for appellee.