## 44644. SIMMONS COMPANY v. THAXTON.

PANNELL, Judge. 1. The Workmen's Compensation Act of this State, although in derogation of common law, is highly remedial and should be liberally construed to give effect to its beneficial purposes. *U. S. Fidel. &c. Co. v. Maddox*, 52 Ga. App. 416, 419 (183 SE 570); *Wilson v. Maryland Cas. Co.*, 71 Ga. App. 184, 188 (30 SE2d 420).

2. "After an injury and as long as he claims compensation, the employee, if so requested by his employer, shall submit himself to examination, at reasonable times and places, by a duly qualified physician or surgeon designated and paid by the employer or the State Board of Workmen's Compensation. . . If the employee refuses to submit himself to or in any way obstructs such examination requested by and provided for by the employer, his right to compensation and his right to take or prosecute any proceedings under this Title shall be suspended until such refusal or objection ceases, and no compensation shall at any time be payable for the period of suspension unless in the opinion of the State Board of Workmen's Compensation, the circumstances justify the

refusal or obstruction." *Code* § 114-503. Where, as in the present case, a demand for examination is made by the employer upon the attorney for the claimant and the attorney for the claimant, without consulting his client, takes it upon himself to refuse to have her submit herself for examination, stating as the reason therefor that it was an harrassment of the claimant as she had been examined by the company doctor more than once (this being disputed by the employer), and at least three other doctors, and that, as the case was on appeal, she could be examined as soon as the appeal was decided or until such time as the board authorized an examination, and it appears that the board was notified of the same, and that as soon as appeal was exhausted the claimant's attorney on several occasions offered to let her be examined, and that some delays in hearings were at the request of the employer's attorney, and the claimant was not shown to have authorized the refusal to be examined, or shown to have herself refused to submit to examination, but on the contrary, refusal was by the attorney for claimant, and while there was some conflict in the evidence relating to claimant's attorney's reasons for letting her submit to the physical examination requested, the State Board of Workmen's Compensation, in the exercise of its judicial discretion (*Zant v. U. S. Fidel. &c. Co.*, 40 Ga. App. 38 (1) (148 SE 764)), was authorized to enter an award that the compensation to the plaintiff should not be suspended and ordering the employer to pay compensation to the claimant in accordance with the previous order of the board, and the judge of the superior court to whom the award of the State Board of Workmen's Compensation was appealed did not err in affirming such award.

*Judgment affirmed. Quillian and Evans, JJ., concur.*

SUBMITTED SEPTEMBER 11, 1969—DECIDED FEBRUARY 11, 1970—
REHEARING DENIED MARCH 3, 1970.

*Richard W. Best,* for appellant.
*Lynwood A. Maddox,* for appellee.