49314. HALL v. WEST POINT PEPPERELL, INC.

BELL, Chief Judge.

The claimant appeals from the judgment of affirmance of an award of the Board of Workmen's

Compensation denying compensation. The denial was based on the deputy director's specific finding of fact that while claimant was injured in the course of employment that his injury did not arise out of his employment.

It is argued that there is no evidence to support this finding. It appears that one of the requirements of claimant's employment was the removal of boxes of metal bands which had been removed from bales of fiber from the working area. Claimant's supervisor, who had departed the working area to go on his lunch break, left a "hyster," apparently a type of forklift tractor, parked in front of several boxes of the metal bands. The finding of fact which forms the basis for the denial of compensation is as follows: "However, I further find the claimant was driving the hyster for his own satisfaction and for the purpose of proving to himself and to the other two boys that he could operate it. Claimant was not performing the duties of his job nor was he performing a duty incident to his employment at the time of the accident; therefore, his accident did not arise out of his employment." The only evidence in the record which bears upon the claimant's purpose in driving the hyster appears in the testimony of the claimant himself and one of his fellow employees who witnessed the accident. Claimant testified that the reason he drove the hyster was that it was in the way of the boxes of metal bands and he moved it in order to facilitate the removal of the boxes. It also appears from the evidence that claimant had driven this hyster on another occasion just immediately preceding the accident. After this first ride on the hyster his co-employee also drove it and returned it to the place where it had been originally parked by the supervisor. This co-employee also testified that he drove the hyster to prove to "myself that I could drive it. The first time that Bobby [claimant] drove it I drove it to prove to myself that I wasn't afraid to drive it because he had drove it." This co-employee also testified that on the second occasion when the claimant drove the hyster he advised this witness and another co-employee present that he was going to drive the hyster in order to move the boxes of metal bands. It was on the second occasion that the hyster overturned causing the injury. *Held:*

The only statutory basis for setting aside the award here is if the evidence is insufficient to support it. Code § 114-710. All the evidence, inferences and conflicts, if any, must be construed most strongly in favor of upholding the award. *Austin v. General Accident &c. Corp.,* 56 Ga. App. 481 (193 SE 86). Applying this rule we fail to find any basis for the finding that the claimant was operating the hyster for personal reasons only, or as noted by the hearing director for the purpose of proving to himself and his two co-employees that he could drive it. The only evidence in the record regarding the claimant's purpose appears in his own testimony and in the testimony of his fellow employee. Both testified that the claimant's purpose in driving the hyster was to remove it in order to facilitate the removal of the boxes of metal bands, a required duty of the claimant. This evidence is uncontroverted. The only testimony concerning proving to one's self that he could operate the hyster comes from the witness' testimony and it refers only to the witness — not the claimant. While there is evidence that the claimant was not required to drive this vehicle as a part of his employment duties, nonetheless it was his duty to remove the metal bands from the work area and the hyster was parked in the way of removal. A claimant need not be solely pursuing the strict duties of employment. As long as he is doing "something in the interest of his employer which is reasonably necessary and incidental to his regular work, compensation is payable." *Pike v. Maryland Casualty Co.,* 107 Ga. App. 49 (129 SE2d 78). Accordingly, the award is unsupported by any evidence. The judgment is reversed with direction that the case be remanded to the board for further action consistent with this opinion.

*Judgment reversed with direction. Quillian and Clark, JJ., concur.*

ARGUED MAY 6, 1974 — DECIDED SEPTEMBER 20, 1974 — REHEARING DENIED OCTOBER 16, 1974.

*Millard C. Farmer, Jr.,* for appellant.
*Sanders, Mottola, Haugen, Wood & Goodson, Willis*

*G. Haugen,* for appellee.