### 52214. CONTINENTAL INSURANCE COMPANY et al. v. HICKEY et al.

MCMURRAY, Judge.

This is a workmen's compensation case. Claimant hurt her back on December 18, 1972, while on the job. She continued to work, however, until March 6, 1974, when she ceased work and requested a leave of absence because of her back problem. The employer received notice of the accident as her supervisor made an accident report. She made no specific report of accident to her supervisor after that, but did complain to him and other employees repeatedly as to the fact that her back was hurting. She was treated after the original injury and after she ceased work; and later surgery was performed to remove a ruptured disc.

In the meantime, between the original injury and the subsequent alleged aggravation by continuing to work, the employer changed insurers. Insurance Company of North America had the insurance coverage on December 18, 1972. Continental Insurance Company had the insurance coverage beginning July 1, 1973, and the claim in this case was filed on November 27, 1974.

After a hearing the administrative law judge found claimant sustained an accidental injury arising out of and

in the course of her employment on December 18, 1972; continued to work until she became disabled because of the injury sustained and "based upon this finding and the case of *Noles v. Aragon Mills,* 114 Ga. App. 130 [150 SE2d 305]," he denied the motion to dismiss the Insurance Company of North America which contended the claim was barred by the statute of limitation in Code § 114-305. He then made an award of compensation against the employer/insurer, Insurance Company of North America, but denied same as to Continental Insurance Company.

Upon a de novo consideration by the full board it adopted generally the findings of fact of the adminstrative law judge and found the claimant "repeatedly aggravated the injury sustained on December 18, 1972," until on March 6, 1974, the claimant was forced to terminate her employment and that she became totally disabled on March 6, 1974, as a result of an aggravation to the pre-existing condition from the injury sustained on December 18, 1972. It then substituted its award for that of the administrative law judge and directed the employer/insurer, Continental Insurance Company, to pay the claimant or reimburse the Insurance Company of North America as to compensation and medical expenses incurred, as well as other medical expenses which the parties shall agree are reasonable in amount and reasonably required to effect a cure.

Employer/insurer, Continental Insurance Company, and the claimant, both being dissatisfied with the award, appealed to the superior court. Whereupon that court approved the findings of fact as authorized by the evidence, but found the award erroneous as a matter of law insofar as it directed or allowed the reimbursement of weekly entitlements and medical payments to the Insurance Company of North America by Continental Insurance Company, as such payments constituted mere gratuities by admission of the insurer; and it remanded the case to the board for further proceedings. Employer/insurer, Continental Insurance Company, appeals. *Held:*

1. The appeal is based upon the alleged erroneous findings affirming the full board, and particularly insofar as the required payment of compensation to the claimant.

It is apparent that Insurance Company of North America does not contest the remand of the case as to the so-called "windfall or gratuity from Insurance Company of North America" as so stated in its brief.

2. Since the employee continued to work and the original injury became aggravated, as shown by the evidence, to the extent that she could no longer do the job she has suffered a new injury that is compensable, having continued working for the same employer, the claim here having been filed within one year from the date she ceased employment because of the injury (aggravation of a pre-existing injury).

3. There is no merit in the statute of limitation issue raised and the finding of the board as to the payment of compensation for an injury arising out of and in the course of her employment. See Code Ann. § 114-305; *Catledge v. Dept. of Public Safety,* 129 Ga. App. 374, 375 (199 SE2d 630); *House v. Echota Cotton Mills,* 129 Ga. App. 350, 351 (199 SE2d 585); *St. Paul Fire &c. Ins. Co. v. Hughes,* 125 Ga. App. 328 (187 SE2d 551); *Pacific Emp. Ins. Co. v. Ivey,* 118 Ga. App. 299 (163 SE2d 435). See also *Schwartz v. Greenbaum,* 236 Ga. 476 (224 SE2d 38), approving *Railway Express Agency v. Harper,* 70 Ga. App. 795 (29 SE2d 434) as to the notice required.

*Judgment affirmed. Pannell, P. J., and Marshall, J., concur.*

ARGUED MAY 4, 1976 — DECIDED MAY 26, 1976 — REHEARING DENIED JUNE 14, 1976.

*Swift, Currie, McGhee & Hiers, Charles L. Drew,* for appellants.

*Brown, Harriss, Hartman & Ruskaup, Don L. Hartman, McCamy, Minor, Phillips & Tuggle, J. T. Fordham,* for appellees.