## 53567. ATKINSON v. HOME INDEMNITY COMPANY et al.

DEEN, Presiding Judge.

The claimant suffered a back strain and possible lumbar disc injury while working on December 3, 1973, and had improved sufficiently to return to work on January 15, 1974, with no further objective symptoms, although according to his testimony he was never entirely without pain and tenderness in that area. On February 26, 1974, he had a nonwork related hemorrhoid operation, and while recuperating, on March 22 he kicked at some fighting animals and felt a sharp pain in the same area of the back. His doctor found him in obvious pain, listing to one side, suffering muscle spasm, diminished sensation, and flattening of the lumbar spine. Eventually one lamina of the fourth lumbar vertebra had to be removed. The medical witness found the symptoms connected with the first injury consistent with lumbar level nerve injury and found the history not uncommon: that is, an original injury in which ligaments are torn resulting in herniation or extrusion of a vertebral disc, a remission of symptoms, and a subsequent aggravation necessitating surgery. As to the connection of the two incidents he stated, "I don't believe he would have the kind of symptoms that he had if he wasn't weakened to some extent" by the torn ligaments.

The Board of Workmen's Compensation, based on this and other evidence, found the second attack and operation incident thereto compensable on the theory that the latter would not have happened except due to the weakness engendered by the former. Here, as in *St. Paul Fire &c. Ins. Co. v. Hughes,* 125 Ga. App. 328, 330 (187 SE2d 551) there is testimony linking up the disc rupture with the original trauma. "The award of the State Board of Workmen's Compensation should be affirmed if there is any evidence to sustain it, even though the evidence is not altogether complete and satisfactory." *Blackwell v. Liberty Mut. Ins. Co.,* 230 Ga. 174, 175 (196 SE2d 129). Neither the superior court nor the Court of Appeals has any authority to substitute itself as the fact finding body in lieu of the board. *Howard Sheppard, Inc. v. McGowan,*

137 Ga. App. 408 (224 SE2d 65). It was accordingly error for the judge of the superior court on appeal to reverse the award of the full board in favor of the claimant.

*Judgment reversed. Webb and Marshall, JJ., concur.*

ARGUED MARCH 2, 1977 — DECIDED MARCH 11, 1977 — REHEARING DENIED MARCH 28, 1977.

*Brown, Harriss, Hartman & Ruskaup, Don L. Hartman,* for appellant.

*Swift, Currie, McGhee & Hiers, John F. Sacha,* for appellees.