## 53976. PARKER et al. v. TRAVELERS INSURANCE COMPANY et al.

SHULMAN, Judge.

This is an appeal from an award denying appellant's claim for workmen's compensation death benefits. The facts are not in dispute: the sole issue is whether the injury complained of arose out of and in the course of employment.

Appellant's deceased husband was employed as a truck driver, dockman, and part-time mechanic by appellee. At the time of his death, decedent was in charge of business operations on his employer's premises. Irrespective of whether or not there was work to do, decedent was required and paid to remain on the premises to render services to customers when necessary. When no other activities demanded his immediate services, i.e., during enforced lull or slack periods, decedent was permitted to work on employees' personal cars. Decedent had worked on co-employees' and his personal car during slack periods on prior workdays. His employer did not prohibit, and in fact condoned, this practice. While working on his personal car during a slack period, decedent was killed when a jack slipped and the vehicle fell on him.

We reverse the judgment of the superior court affirming the award of the State Board of Workmen's

Compensation.

1. "It is a basic principle, under the Workmen's Compensation Act, that if there is any competent evidence in the record to support the findings of fact of the State Board of Workmen's Compensation in matters properly before it, the findings are conclusive on the courts on appeal. Code § 114-710 [Cits.]" *Holcombe v. Fireman's Fund Ins. Co.,* 102 Ga. App. 587, 588 (116 SE2d 891); *Atkinson v. Home Indem. Co.,* 141 Ga. App. 687 (234 SE2d 359). However, where, as here, ". . . the facts in a workmen's compensation case are undisputed, whether the injury arose out of and in the course of employment is a question of law. [Cit.]" *Travelers Ins. Co. v. Smith,* 91 Ga. App. 305, 308 (85 SE2d 484).

2. In rendering our decision we are mindful that "[t]he Workmen's Compensation Act of this State, although in derogation of common law, is highly remedial and should be liberally construed to give effect to its beneficial purposes. [Cits.]" *Simmons Co. v. Thaxton,* 121 Ga. App. 295 (1) (173 SE2d 429).

3. The State Board of Workmen's Compensation's finding of fact discloses that at the time of the accident the employee was where he was authorized to be, at a time he was authorized to be there, and was engaged in an activity permitted by his employer. Although decedent was killed while repairing his personal car, the injury-causing activity benefited the employer insofar as it provided a means for the employee to while away his slack time, thus tending to keep him alert and more satisfied. We hold that under the circumstances here, where (1) the employer knew that claimant used slack time to work on personal projects, (2) the employer condoned or permitted such activity, (3) that the employee was required to remain on the premises during slack periods, and (4) that the injury occurred during a slack or enforced lull period while engaged in an authorized activity, in an authorized place and during an authorized time, that the injury arose out of and in the course of employment. See Hanchett v. Brezner Tanning Co., 107 N. H. 236 (221 A2d 246); Chrisman v. Farmers Cooperative Assn. of Bradshaw, 179 Neb. 891 (140 NW2d 809); Penzara v. Maffia Bros., 307 N. Y. 15 (123 NYS2d 6). See also W. R. Grace & Co. v. Payne, 501 SW2d

252 (Ky. Ct. App. 1973); Lee v. F. M. Henderson & Associates, 17 N. C. App. 475 (195 SE2d 48). See generally 1 Larson, Workmen's Compensation Law 5-241, § 27.31.(b). Cf., *Hartford Acc. &c. Co. v. Souther,* 110 Ga. App. 84 (137 SE2d 705) (an activity in the interest of the employer is compensable even though the activity also benefited the employee). *Glen Falls Ins. Co. v. Merck,* 117 Ga. App. 163 (159 SE2d 300) (injury compensable where employer authorized employees to work for others to keep crews busy and working). *Cabin Crafts, Inc. v. Pelfrey,* 119 Ga. App. 809 (168 SE2d 660) (personal benefit of employee will not defeat recovery if employment was contributing cause of injury).

4. Appellee submits that even though their employee was authorized to perform minor repairs on his personal car during enforced lull or slack periods, he was not authorized to jack up the car. Therefore, he urges, since appellant created an extra hazard of injury, there can be no liability. This argument must fail.

"It is entirely true that the employer may define the limits of the employee's sphere of employment by prohibitions, rules, and regulations, and if the employee violates these he is outside the scope of his employment, and any injury sustained outside the scope of the employment is not compensable. In the instant case, however, the employer had not to the knowledge of the employee so limited the employee's sphere of employment by publishing a rule, or otherwise prohibited the use. . ." *Liberty Mut. Ins. v. Scoggins,* 72 Ga. App. 263, 266 (33 SE2d 534).

5. We hold that, as a matter of law, the order of the board denying compensation because the deceased employee did not sustain an injury by accident arising out of and in the course of employment is not supported by the findings of fact. The judgment of the superior court affirming the order of the State Board of Workmen's Compensation is reversed and the case is remanded for proceedings not inconsistent with this opinion.

*Judgment reversed. Banke, J., concurs. Quillian, P. J., concurs specially.*

ARGUED JUNE 8, 1977 — DECIDED JULY 1, 1977.

*Swift, Currie, McGhee & Hiers, Charles L. Drew, John A. Ferguson,* for appellants.
*Jack F. Peace,* for appellee.

QUILLIAN, Presiding Judge, concurring specially.
I concur because I feel we are bound by that which was held in *Glen Falls Ins. Co. v. Merck,* 117 Ga. App. 163 (159 SE2d 300).