## 53420. GENERAL MOTORS CORPORATION v. DOVER.

McMurray, Judge.

This is a workmen's compensation case. Claimant suffered from a pre-existing disorder of the neck and shoulders prior to his claim for compensation which condition did not prevent him from engaging in useful employment. It is contended he sustained an accident arising out of and in the course of his employment at work by aggravation of his pre-existing condition. Based upon the evidence the State Board of Workmen's Compensation determined that he did sustain an accident at work which aggravated his pre-existing condition and said injury did arise out of and in the course of his employment for which he is entitled to compensation benefits.

In addition, the employer/self-insurer and the employee/claimant had, before this incident, entered into a reimbursement agreement whereby under the terms of the agreement the employer/self-insurer would be entitled to credit against liability for compensation benefits thereunder. These payments had been made prior to the award of compensation. No settlement agreement was ever entered into by the parties.

Applying *Reliance Ins. Cos. v. Richardson,* 137 Ga. App. 678, 680 (1) (224 SE2d 812), the board concluded as a matter of law that "[p]ayments made in the absence of an approved agreement or award are mere gratuities for which employer/self-insurer is not entitled to credit," contending that, "[j]urisdiction to enforce contracts is vested in the Superior Court, not in the Board." The superior court affirmed the decision of the board and the employer/self-insurer appeals. *Held:*

1. The evidence was sufficient and clear that the claimant suffered a new injury which was an aggravation of an old one, resulting in the claimant's disability in this instance. *Continental Ins. Co. v. Hickey,* 139 Ga. App. 31, 33 (2) (227 SE2d 848); *Twin City Fire Ins. Co. v. Lowe,* 140 Ga. App. 349 (231 SE2d 125); *Cotton States Ins. Co. v. Rutledge,* 139 Ga. App. 729, 730 (1) (229 SE2d 531); *Williams v. Morrison Assur. Co.,* 138 Ga. App. 191 (225 SE2d 778). There is no merit in the enumeration

complaining that the award was unsupported by any evidence.

2. However, the second enumeration of error complains that the board's finding (as affirmed by the superior court) that the claimant/self-insurer is not entitled to credit for advance payments made to claimant is erroneous and contrary to law. This conclusion of law is erroneous inasmuch as the board concluded as a matter of law that it was controlled by the ruling in *Reliance Ins. Cos. v. Richardson,* (overruled). See *Sprayberry v. Commercial Union Ins. Co.,* 140 Ga. App. 758, 762 (232 SE2d 111). Under the ruling of *Sprayberry* the board is now required to exercise its discretion under Code § 114-415 in considering whether or not any payments made by the employer to the injured employee during the period of his disability which were not due and payable when made may be deducted from the amount to be paid as compensation. See in this connection the certified questions answered by the Supreme Court in *General Motors Corp. v. Dover,* 239 Ga. 611. Accordingly, the judgment must be affirmed with direction to the superior court to remand this matter to the State Board of Workmen's Compensation for determination (within its discretion) as to whether or not any payments made by the employer to the injured employee during the period of his disability, paid under the reimbursement agreement, may be deducted from the amounts ordered to be paid as compensation. This is authorized by Code § 114-415 by reason of the interpretation of this law under the rulings of *Sprayberry v. Commercial Union Ins. Co.,* 140 Ga. App. 758, supra, and *General Motors Corp. v. Dover,* 239 Ga. 611, supra.

*Judgment affirmed with direction to remand the case to the board for further determination as to credit, if any, in conformance with this opinion. Bell, C. J., and Smith, J., concur.*

SUBMITTED JANUARY 31, 1977 — DECIDED NOVEMBER 10, 1977.

*J. Phillip Jordan, King & Spalding, R. Byron Attridge, William A. Clineburg, Jr., P. Brantley Davis,* for

appellant.

*Mundy & Gammage, E. Lamar Gammage, Jr., John M. Strain,* for appellee.