## 60271. McELREATH v. McELREATH.

SHULMAN, Judge.

From the superior court's reversal of an award rendered by the State Board of Workers' Compensation in defendant's favor, defendant Bobby F. McElreath, contractor of wood for Georgia-Pacific Corp. (hereinafter "Georgia-Pacific"), appeals. We affirm.

The pertinent facts are as follows: Appellee-claimant contracted to provide logs for Georgia-Pacific. The contract of employment provided that the time, method and manner of performance of the contract was to be solely within the province of the claimant. (Although claimant was required to produce the logs at certain specified dates, the time of actual performance of the logging operation was left to his discretion.) Claimant was required under the contract to furnish, at his own cost and expense, all of the labor, tractors, trucks and other tools and equipment necessary to complete the contract as promised; and, pursuant thereto, Georgia-Pacific was to carry workers' compensation insurance on behalf of claimant.

The evidence presented at the initial hearing of this case showed that prior to the date of the incident which resulted in claimant's injury, certain unidentified individuals stole batteries from claimant's heavy equipment on five or six separate occasions. The purchase and replacement of the batteries (in addition to contributing to the cost of the completion of his contract) resulted in work delays for the claimant of half a day or more. Claimant testified that he informed the county sheriff's department of the thefts but that he continued to suffer from the vandalism of his machinery. Claimant testified that it had been suggested to him by the sheriff's department that he personally guard his machinery. The injury for which claimant seeks compensation occurred when the shotgun he had brought with him to guard his machinery at the work site was accidentally discharged into his leg.

The issue on appeal is whether or not that injury arose out of and in the course of claimant's employment so as to constitute a compensable injury under claimant's carrier's compensation insurance. We agree with the trial court's determination that claimant's injury did occur within the scope of his employment.

1. Appellant submits that the question of whether or not claimant's injury occurred within the scope of his employment was one of fact and that, therefore, absent a total lack of evidence to support the state board's finding, the award of the state board, in affirmance of the administrative law judge's findings, is binding on appeal. See Code Ann. § 114-710.

" 'It is a basic principle, under the Workmen's Compensation Act, that if there is any competent evidence in the record to support the findings of fact of the State Board of Workmen's Compensation in matters properly before it, the findings are conclusive on the courts on appeal . . .' [Cits.] However, where, as here, '. . . the facts in a workmen's compensation case are undisputed, whether the injury arose out of and in the course of employment is a question of law . . .' [Cit.]" *Parker v. Travelers Ins. Co.,* 142 Ga. App. 711, 712 (236 SE2d 915).

In the instant case the pertinent facts were not in dispute. The trial court thus did not make any findings of fact inconsistent with the prior findings of the board or the administrative law judge. The trial court, however, reversed the board's award, holding that the board misapplied the law based upon such facts. The trial court held that, as a matter of law, claimant's injury arose out of and in the course of claimant's employment and was thus compensable under his workers' compensation insurance. Despite appellant's contentions to the contrary, the trial court was authorized to do that. See *Parker,* supra.

2. Appellant submits that, even if the case at bar does not devolve upon a question of fact, the trial court nevertheless erred in determining as a matter of law that claimant's injury arose out of and in the course of his employment.

It is appellant's contention that claimant was engaged in an act of vigilantism in the capacity of a quasi law enforcement officer or watchman and that his contract of employment with Georgia-Pacific did not contemplate such activities. Appellant submits that it would be an unreasonable extension of the "scope" of claimant's employment to find that claimant's actions were incidental to the performance of his contract.

In rendering our decision, we are mindful that " '(t)he Workmen's Compensation Act of this State, although in derogation of common law, is highly remedial and should be liberally construed to give effect to its beneficial purposes . . .' [Cit.]" *Parker,* supra, p. 712. While we would agree that facts such as we are herewith presented would not in every case give rise to the finding, as a matter of law, of a compensable injury, we agree with the trial court's determination in the instant case.

Under the terms of his employment contract with Georgia-Pacific, claimant was given extremely wide latitude within which to perform his job. Other than requiring claimant to produce a certain number of logs at a specific time, the method, manner and time in which such was done was left entirely within claimant's discretion. Claimant was to provide machinery for the task, and it was

incumbent upon him to keep such equipment in good working order so that he would be able to complete his contract with Georgia-Pacific on schedule. The loss of batteries from claimant's heavy machinery was interfering with the progress of his work. As part and parcel of the maintenance of such machinery, and essential to the timely completion of the contract, it was necessary for claimant to protect his machinery from thievery and vandalism. Claimant's protective activities were therefore incidental to the performance of his job and, under the facts of the instant case, committed within the scope of his employment.

"If an employee is injured while doing something in the interest of his employer, which is reasonably necessary or incident to his regular work, the injury arises out of his employment. This is true even though the employee has no special permission from the employer to do the particular act and it is beyond the scope of his specific duties. *And it applies especially when the employee has no instruction from the employer prohibiting the act, and when the employee has some discretionary authority.*" (Emphasis supplied.) *Pike v. Maryland Cas. Co.,* 107 Ga. App. 49, 51 (129 SE2d 78). See also *Hall v. West Point Pepperell, Inc.,* 133 Ga. App. 24, 26 (209 SE2d 659).

In view of the nature of claimant's employment, his wide discretion in the time, manner and method of the performance of his job, his contractual duty to provide and maintain his own equipment (and the infeasibility of the daily removal of such equipment from the work site), we find, as a matter of law, that claimant's injury was compensable.

Appellant puts much emphasis on the fact that the injury happened on a Sunday evening when no logging had occurred. However, we do not agree that the fact that claimant's injury did not occur during what was considered a normal work day mandates a finding that the injury did not arise out of or in the course of his employment. This is so in view of the contractual provision in claimant's agreement of employment with Georgia-Pacific providing for claimant to establish his own time schedule and hours of employment (providing only that claimant comply with the time demands of Georgia-Pacific for the delivery of the logs). Had claimant been a regular employee of Georgia-Pacific and had his working hours been set by Georgia-Pacific (which hours may not have included Sunday evenings), we might be inclined to reach a different result. We are not, however, presented with that situation here.

We find, then, that claimant's injury, occurring during claimant's attempt to protect his equipment from further thievery and vandalism, is compensable. The safeguarding and maintenance

of claimant's machinery was essential to the satisfactory completion of claimant's contract of employment with Georgia-Pacific. Claimant's actions were thus "reasonably necessary and incidental to his regular work." *Hall,* supra. This being so, the judgment of the trial court reversing the state board's award must be affirmed.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

ARGUED JULY 10, 1980 — DECIDED SEPTEMBER 9, 1980 — REHEARING DENIED SEPTEMBER 24, 1980 —

*Richard C. Kissiah, Charles L. Drew,* for appellant.
*Leonard C. Lewellen, Edward W. Clary,* for appellee.