68055. WALTON COUNTY BOARD OF COMMISSIONERS et al.
v. WILLIAMS.

DEEN, Presiding Judge.

The appellee, Robert G. Williams, was employed as a deputy sheriff of Walton County, and in June 1981, while handling bloodhounds during a manhunt, he suffered an attack of heat exhaustion for which he was hospitalized two days. He returned to work immediately thereafter and continued working until October 18, 1981, when he resigned upon the advice of his physician.

The appellee then applied for workers' compensation benefits and eventually was awarded such by the administrative law judge and

the full board, on the basis that his work-related heat stroke gradually so aggravated a pre-existing mental/emotional condition that he became unable to work as of October 18, 1981. The superior court affirmed the award, from which this appeal followed. *Held:*

It is axiomatic that any finding of fact by the board, if supported by any evidence, is conclusive and binding upon the superior court and this court. OCGA § 34-9-105; *Banks v. Royal Globe Ins. Co.*, 160 Ga. App. 18 (286 SE2d 309) (1981). In the instant case, review of the record discloses: (a) the medical/psychiatric opinion of Dr. Charles Fulghum, who on October 28, 1981, felt that there was a connection between the appellee's strokes and his depression; and (b) the psychological evaluation by Harold Haddle, Ph.D., who noted the appellee's history of hypertension and recent strokes and concluded on November 4, 1981, that the appellee was suffering from severe depression and anxiety secondary to medical problems. Even though the preponderance of the medical evidence may contraindicate any causative relationship between the heat stroke of June 8, 1981, and the subsequent incapacitating mental/emotional condition, the above two opinions constituted the requisite "any evidence" to support the award, with regard to the issue of compensability. Accordingly, the superior court correctly affirmed the award of the board.

However, the record also indicates that even though the appellee stopped working on October 18, 1981, he continued to receive his salary through March 31, 1982. It thus appears that the appellant was entitled to credit for those payments, to be applied against the compensation award. See OCGA § 34-9-243; Rule 220 (b) of the Rules and Regulations of the State Board of Workers' Compensation; *Liberty Mut. Ins. Co. v. Thomas*, 145 Ga. App. 303 (243 SE2d 694) (1978); *K-Mart Corp. v. Anderson*, 166 Ga. App. 421 (304 SE2d 526) (1983).

For the above reasons, the superior court's order (and the board's award) must be affirmed, with direction to remand the case to the board for further determination as to any credit to be applied against the award. See *Gen. Motors Corp. v. Dover*, 143 Ga. App. 819 (240 SE2d 201) (1977).

*Judgment affirmed with directions. Quillian, P. J., Banke, P. J., Carley and Benham, JJ., concur. McMurray, C. J., concurs in the judgment only. Birdsong, Sognier, and Pope, JJ., dissent.*

DECIDED JULY 10, 1984 —
REHEARING DENIED JULY 26, 1984 —

E. Davison Burch, for appellants.
E. Earl Mallard, Jr., M. John Wilson, for appellee.

SOGNIER, Judge, dissenting.

I respectfully dissent. The majority cites the evidence given by Doctors Fulghum and Haddle as "any evidence" of a connection between appellee's heat stroke and his subsequent mental incapacitation. The October 28, 1981 psychological report by Dr. Fulghum in the record states that appellee "SUFFERED TWO STOKES [sic] THIS PAST SUMMER, WHEN HE WAS HOSPITALIZED TWICE FOR DEPRESSION AND/OR HYPERTENSION. DR. ADAMS THINKS TWO ARE RELATED. (I AGREEE [sic])" However, in Dr. Fulghum's letter of June 4, 1982 he stated, "(2) I do not think it is possible to differentiate whether Mr. Williams is incapacitated because of depression or hypertension. My experience has been that when you adequately treat a patient for hypertension, they get depressed. When a person gets depressed, they frequently become agitated and that aggrevates [sic] their hypertension. The two problems are integrally related. (3) I know nothing about Mr. William's [sic] problems with heat exhaustion." In deposition, the Dr. Adams mentioned in the October 28th letter testified in agreement with Dr. Fulghum that "the hypertension and the depression-anxiety [are] interrelated to the degree that I don't think we can control the hypertension until we can control the other." Thus, it is clear that the relationship to which Dr. Fulghum was referring was that between the depression and the hypertension, *not*, as the majority states, between appellee's strokes and his depression.

Similarly, Dr. Haddle's brief psychological evaluation of appellee fails to relate appellee's work-related heat stroke with the anxiety and depression appellee now suffers. Instead, it is appellee's current inability to perform as a provider which the doctor emphasizes as an underlying cause for the severe crisis appellee is undergoing.

Although the "any evidence" rule is the standard used in workers' compensation cases, I find nothing in the record as a whole or in the above medical testimony to show a causal connection between appellee's work-related heat stroke and the reactive depression appellee now suffers. Regardless of where the sympathy of this court may lie, if there is absolutely no evidence to support an award, we cannot uphold it. OCGA § 34-9-105 (c); *Hall v. West Point Pepperell,* 133 Ga. App. 24, 26 (209 SE2d 659) (1974). Therefore, I would reverse the superior court's judgment affirming the award of the State Board of Workers' Compensation.

I am authorized to state that Judge Birdsong and Judge Pope join in this dissent.