30308.   TRAVELERS INSURANCE CO. *et al. v.* COLVARD.

DECIDED DECEMBER 3, 1943.

*Neely, Marshall & Greene,* for plaintiffs in error.
*George W. Westmoreland,* contra.

FELTON, J. The Code, § 114-406, provides that in cases provided for in the schedule therein appearing the permanent partial handicap in each case shall be compensated by payments for the period specified, and that the compensation so paid for such handicap shall be as specified therein and shall be in lieu of all other compensation for the permanent partial handicap. This schedule includes the thumb and each of the other four fingers. It also includes the hand. The hand includes the fingers, and it is of course true that an injury to a finger is an injury to the hand; but the law provides that if the hand is injured as a result of the injury to a finger, and in no other way, the injury to the hand shall be compensated for in a certain and definite manner, namely, a certain amount for the loss of the finger, or the use thereof, or for partial loss, or partial loss of use. We can think of no other reasonable construction of the law because if there is only an injury to a finger, and compensation as for an injury to the whole hand is allowed it seems that uncertainty, lack of uniformity, and confusion would result in the attempted administration of the compensation law. It is not for the courts to express any opinion as to the wisdom or fairness of the amounts authorized for specific injuries. They can only administer the laws as they are. The statement by the director that the only issue was what damage had been done to the hand did not mean, and could not reasonably be construed to mean, in view of the plain meaning of the law, which every person is presumed to know, that the question as to damage to fingers only was excluded from consideration. The fact that a claim was filed for injury to the hand and not to the fingers would make no difference. No particular form of pleading is necessary in such a case and the employee in this case would not be precluded from the recovery awarded for the reason that his attorney asked for compensation for injury to the hand. The reasonable construction of the director's statement is that the only question involved was the extent of injury to the employee, and that no other questions, such as wages, employment, whether the accident arose out of and in the course of employment, etc., were involved. In compensation cases, assuming the other conditions to exist, the main subject of inquiry is the extent of the injury and the amount of compensation. In case of an accident a hearing is had for the purpose of determining the result of all the injuries suffered by the employee,

not just one or some of them, and the employee's whole case is intended to be tried, and there can be no second effort except in cases of change in condition, or where the inquiry is continued, or reopened for taking additional evidence, or possibly other reasons which do not come to mind at the instant. But if an employee's hand, foot, and eyes are injured in one accident, he cannot have three trials, or hearings, and three awards, one for each separate injury. The evidence authorized the finding, and no error of law appearing the court erred in setting aside the award and ordering a de novo hearing.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*