31968.   WILEY *v.* BITUMINOUS CASUALTY CO. *et al.*

DECIDED APRIL 23, 1948.

*Evans & Evans,* for plaintiff.

*T. Elton Drake,* for defendants.

TOWNSEND, J. (After stating the foregoing facts.) ■ An examination of the evidence with reference to the first headnote herein discloses that, while Dr. F. Cortez Mims treated patients and made examinations of persons that were referred to him from time to time by the insurance carrier in this case, yet that he was not on a regular retainer to perform this service. There is nothing in the record that indicates that he was on the payroll of the insurance carrier to stand in readiness to perform this type of service whether the same was actually performed or not. On the other hand, it affirmatively appears from the evidence that the only compensation he received from the insurance carrier was for services rendered in specific cases, and payment was made for these services as the same were rendered. His examination of the claimant in the instant case was solely at the instance of the Board of Workmen's Compensation, they having appointed him as disinterested physician under Code § 114-713. This examination was entirely foreign to any connection Dr. Mims had with the insurance carrier.

While the discretion of the Board of Workmen's Compensation in making appointments of disinterested physicians should be exercised in such way that the workers of this State will have no cause to suspect unfair discrimination against them, and thus keep the matter as Cæsar's wife, above suspicion, yet in the instant case it can not be said that their discretion was abused. The disinterested physician would not be disqualified as a matter of law if he were the family physician of the employer, was hired and paid to treat certain persons at the instance of the carrier, and was also the family physician of the employee. It would not disqualify him, as a matter of law, if he occupied such position toward only one or two of the inter-

ested parties. If he were regularly retained by anyone of the three, he would be disqualified. Since in this case he was not on the payroll of any of the interested parties, and only did such work for the insurance carrier as he was employed to do from time to time, for which he was paid as he performed it, and since it was all disconnected with any service he rendered in connection with the instant case, he was not disqualified to serve as the disinterested physician under the Code section under consideration.

■ The claimant complains that it is reversible error for the single director who heard the evidence and made the award in his case, to have sat with the full board and participated in the deliberation resulting in the award of the full board. Section 114-708 of the Code provides: "If an application for review is made to the Department of Industrial Relations within seven days from the date of notice of the award, *all of the directors* shall review the evidence or, if deemed advisable, as soon as practicable hear the parties at issue, their representatives and witnesses, and shall make an award and file the same in like manner as specified in the foregoing section, together with their rulings of law in the premises. A copy of the awards so made on review shall immediately be sent to the parties at dispute. *All of the directors* may remand to a single director any case before them for review for the purpose of taking additional evidence; said evidence shall be delivered to *all of the directors* and it shall be taken into account before rendering any decision or award in such case." (Italics ours.) In the foregoing quoted Code section the language "in like manner as specified in the foregoing section" refers to § 114-707, which provides for a hearing and award by the board or a director thereof in the first instance. This section is then followed by § 114-708, herein quoted, providing for review by *all the directors*. The act creating the department provides for three directors. Since § 114-707 makes it possible for one director to make an award, and § 114-708 provides for review thereof by *all the directors*, it necessarily follows that the proper construction of § 114-708 is that *all the directors*, including the director making the award in the first instance, shall review the same. Since the Work-

men's Compensation Act as amended provides for a judicial procedure different from cases at common law, the apparent conflict between § 114-708—wherein provision is clearly made for the single director who made the award to participate with the full board in review of the same—and § 24-102—providing for the disqualification of a judicial officer in a case in which he has presided in any inferior judicature, when his ruling or decision is the subject of review—must be resolved in favor of the participation of the single director with the full board in accordance with the plain intention of the General Assembly as disclosed by the language of the quoted Code section. In *Tillman* v. *Moody*, 181 *Ga.* 531 (182 S. E. 906), Mr. Justice Hutcheson speaking for the court said: "The rights and liabilities of employers and employees are governed by the Workmen's Compensation Act. The ordinary rules of law do not apply to actions arising under that statute, but the act itself constitutes a complete code of laws upon the subject."

■ The overruling of the motion to strike the evidence that the disability to the second and third fingers in question was less than that fixed by the approved settlement is without error. This evidence was material on review, under the alleged change in condition, to throw light on the present disability to the claimant's hand. The issue here is to determine whether the claimant has supported such a change in condition since the approved settlement as to entitle him to recover more, under Code § 114-406 (l) and (r), for total or partial loss of the use of his hand than has been recovered and he is entitled to recover under Code § 114-406 (b), (c), (d), and (r) for the total loss and partial loss of the use of his fingers. In order to determine this question, evidence of improvement since the approved settlement is material, as well as evidence of increased disability, although there could be no recovery for the return of any sums already paid for the fingers, under the express provisions of Code § 114-709 as amended. The settlement of a workmen's-compensation claim made in accordance with the provisions of the law, filed with the department and approved by the Board of Workmen's Compensation, is res judicata and is as binding on the parties as if the claim had been tried and final award entered. See

870

Code, § 114-106; *Columbia Casualty Co.* v. *Whiten,* 51 *Ga. App.* 42 (supra); *Rourke* v. *U. S. Fidelity & Guaranty Co.,* 187 *Ga.* 636 (supra). However, the same may be reviewed in accordance with Code § 114-709 as amended. See Code (Ann. Supp.), § 114-709, and cases there cited.

■ The record discloses that the director, the full board, and the disinterested physician all dealt with this case on the basis that the disability to the hand must be determined from the disability to the fingers. Frequently in his testimony the disinterested physician so indicated. For instance, we quote from his testimony as follows: "Each finger has to be treated separately. As you are dealing with fingers, as you are not dealing with the hand, you have to treat each one as an entirety and that is the only possible way you could arrive at it." We quote from another portion of the doctor's testimony, as follows: "If you tried to arrive at it as a mass thing, you would be getting into disability of the hand, and that would mean that we follow another rule which is that the injuries would have had to be back here and to the hand itself. When the disability is confined to the finger, the estimation of disability is to each finger." At frequent other places in the record the testimony of Dr. Mims indicates that he is precluded from considering disability to the whole hand. If this case were now being considered in connection with the original injury, the foregoing outlined theory would have been the correct one. But since the case is being considered on a change in condition, the percentage of disability to the whole hand resulting in such change in condition must be considered and weighed against compensation as originally fixed.

*Travelers Ins. Co.* v. *Colvard,* 70 *Ga. App.* 257 (28 S. E. 2d, 317), cited in the briefs of counsel for both sides in the instant case, holds that an injury to the finger or fingers is an injury to the hand; however, since compensation for the fingers is provided for separately from the hand, as held in the *Colvard* case, supra, where only the fingers are injured, and the use of the hand is affected only insofar as the use of the fingers is affected, compensation must be paid on the basis of that fixed for the fingers and not for the hand. Here the contentions of the claim-

ant are in no sense analogous to the principle of law thus enunciated in the *Colvard* case, supra. It is here contended by the claimant that one of his fingers failed to heal, and the others did heal in such way as to tie down the tendons running through the hand to the fingers, so that 75% of the use of the hand is lost. Notwithstanding the fact that he has already been compensated for the loss of the use of the fingers as the same existed at the time of the approved settlement—if the claimant can prove his contentions as hereinbefore outlined, he is entitled to recover additional compensation, provided the amount of loss of the use of his hand which he establishes by proof is more than the compensation which he has already received or which he is entitled to receive under the settlement for the fingers. The loss of his fingers and the loss of the use thereof are provided for in Code § 114-406 (b), (c), (d), and (r). The loss of the use of a hand is provided for in Code § 114-406 (l) and (r). When fingers are either totally or partially disabled, what is left of the hand is presumed to be serviceable. However, if the injured fingers fail to heal, or improperly heal, this may render useless what is left of the hand. Also it may impair what is left of the hand to a percentage of disability far greater than the loss of the fingers where they properly healed. Therefore it necessarily follows that, where the claimant can establish by proof that fingers for which he was duly compensated had apparently healed at the time of an approved settlement, and where thereafter it developed that the healing was incomplete or so that what was left of his hand was less serviceable than it would have been had the healing of the fingers been complete and proper, he is entitled to recover for the percentage of the loss of the use of his hand less the amount he has already received or is entitled to receive for his fingers.

The medical evidence in this record is of little help because the examinations of the claimant and the testimony of the witnesses were based on the wrong theory. However, the testimony of the claimant himself, which is in some particulars corroborated by his employer, and which is not contradicted by any evidence, demands a finding that what is left of his hand is disabled more by reason of the failure of

his little finger to heal, and the manner in which the tendons of his other fingers were affected by reason of the injuries to those fingers after they healed, than would have been the case had all fingers normally healed; and that this condition became effective approximately one year after the settlement and about the same period of time before the application for additional compensation was filed, alleging a change in condition. The ultimate decision of this issue must, nevertheless, be determined by the whole evidence after additional testimony is taken, and may result in authorizing or demanding a finding against the claimant.

The case is, therefore, reversed with the direction that the Board of Workmen's Compensation take additional evidence for the purpose of determining to what extent the claimant has lost the use of his hand by reason of a change in condition since the approved settlement, and upon determining this, what compensation the claimant is entitled to therefor, less that already paid or to be paid under the approved settlement, if any.

*Judgment reversed, with direction. MacIntyre, P. J., and Gardner, J., concur.*