### 38475.   HOLCOMBE v. FIREMAN'S FUND INSURANCE COMPANY *et al.*

DECIDED OCTOBER 3, 1960—REHEARING DENIED OCTOBER 18, 1960.

*Head & Head, Garland Head,* for plaintiff in error.
*Smith, Field, Ringel, Martin & Carr, Charles L. Drew, Palmer H. Ansley,* contra.

BELL, Judge. It is a basic principle, under the Workmen's Compensation Act, that if there is any competent evidence in the record to support the findings of fact of the State Board of Workmen's Compensation in matters properly before it, the findings are conclusive on the courts on appeal. *Code* § 114-710. *Fidelity & Cas. Co. of N. Y. v. Scott,* 215 Ga. 491 (111 S. E. 2d 223). However, under *Code* § 114-710, while the findings of fact by the State Board of Workmen's Compensation are conclusive and binding if supported by any competent evidence, the courts are authorized to set aside the award in five enumerated situations, the fifth of which, and the relevant one here, is where the order or decree is contrary to law.

The question for solution here is whether the award determined by the deputy director, which granted the plaintiff 70% permanent disability to the right hand, is contrary to the provisions of *Code Ann.* § 114-406. This section expressly directs

the compensation which shall be made for certain enumerated permanent partial industrial handicaps, and explicitly states that: "In the cases included by the following schedule the permanent partial industrial handicap in each case shall be compensated by payments for the period specified, and the compensation so paid for such handicap shall be as specified therein and shall be in lieu of all other compensation for the permanent partial handicap." Under the schedule which is a part of this *Code* section, awards must be made for the loss of the particular fingers which the medical evidence proves. While the doctor's report states that the plaintiff suffered a 70% permanent disability of the right hand, his reports and diagrams submitted, which are evidentiary in the record, show conclusively that the plaintiff lost by amputation more than one phalange of the index finger and the entire second and third fingers. While the fifth finger, according to the medical report, appears to be extant, the evidence (the stipulated Form 20a) shows there was an incomplete amputation of the little finger and that it is functionless. Under *Code Ann.* § 114-406 the total loss of use of a member shall be considered as equivalent to the loss of the member, and the loss of more than one phalange shall be considered the loss of the entire finger or thumb. The statute further provides for an over-all limitation where there is permanent injury to the fingers so that the amount received for damage to more than one finger shall not exceed the amount allowable for the loss of the entire hand. It is thus apparent from the medical evidence that the claimant should have been awarded in any event the compensation set out in the statute for the loss of the first, second, third, and fourth fingers, which would total 130 weeks' compensation.

In addition, there is evidence in the record of a partial amputation of the thumb, but whether or not the deputy director found as a fact that the amputation resulted in a loss of the first phalange or less than the first phalange we cannot determine from the record. On this point the finding of fact by the deputy director indicates that "the thumb had a portion of the end gone but the fingernail base was still there and a short fingernail . . ." This indefiniteness indicates that further findings

must be made by the State Board of Workmen's Compensation as to whether there exists any loss by amputation of the thumb, or loss of use of the thumb, for an affirmative finding on this point would require under *Code Ann.* § 114-406 an award embracing compensation additional to that of the 130 weeks which the present findings of fact require.

Under the mandate of *Code Ann.* § 114-406, we hold that where the uncontradicted evidence shows that the claimant in a workmen's compensation case has sustained complete or partial amputations or total or partial loss of use of one or more fingers and a partial amputation and/or loss of use of the thumb, the compensation must be awarded in accordance with the schedule set forth in this *Code* section. The board is not empowered in a case such as this, even though supported by sufficient competent testimony, to superimpose its views upon the clear and specific mandates of the statute and render an award on a percentage basis in lieu of the detailed directives appearing in the law. It follows that an award measuring such a loss in terms of the percentage of disability for a partial loss of use of the hand as a whole is contrary to law under *Code* § 114-710 and must be reversed.

*Reversed with direction that the superior court remand the case to the State Board of Workmen's Compensation for further determination in accordance with the opinions here stated. Felton, C. J., and Nichols, J., concur.*

### ON MOTION FOR REHEARING.

BELL, Judge. On motion for rehearing, the defendant in error vigorously contends that the holding in this case is not in accord with those in the cases of *Travelers Insurance Co. v. Colvard*, 70 Ga. App. 257 (28 S. E. 2d 317) and *Wiley v. Bituminous Cas. Co.*, 76 Ga. App. 862 (47 S. E. 2d 652). We do not agree with this argument for the simple reason that a careful reading of these cases shows all three of them to be fully compatible and harmonious.

We adhere to our holding that where there are specific losses as listed in *Code Ann.* § 114-406, the amounts payable for the bodily members as listed in the schedule there *must be awarded as a minimum*, and that an estimation of percentage of partial

loss of use of the hand as a whole, caused by amputations of three fingers combined with a 100% loss of use of the fourth finger and a total or partial amputation of the thumb, *cannot be applied to the partial loss of use of the hand as a whole so as to give the claimant a lesser award.*

While the general rule of interpretation of statutes which are derogatory to the common law is that they should be strictly construed, under many decisions of this court the workmen's compensation law is to be liberally construed in order to effect its beneficent purposes. *New Amsterdam Casualty Co. v. Sumrell,* 30 Ga. App. 682, 689 (118 S. E. 786); *Blackshear v. Liberty Mutual Ins. Co.,* 69 Ga. App. 790, 804 (26 S. E. 2d 793); *Lee v. Claxton,* 70 Ga. App. 226 (28 S. E. 2d 87); *Wilson v. Maryland Cas. Co.,* 71 Ga. App. 184, 188 (30 S. E. 2d 420).

Where there is evidence of loss or loss of use of the fingers and also testimony showing an injury to the hand other than to the fingers, the board must give an award equal to the percentage of loss of use of the hand as a whole or the statutory amount for loss of the fingers, whichever is the greater.

*Motion for rehearing denied. Felton, C. J., and Nichols, J., concur.*