38884. FIDELITY & CASUALTY COMPANY *et al.*
v. KING.

DECIDED JULY 7, 1961—REHEARING DENIED JULY 28, 1961.

*Smith, Field, Ringel, Martin & Carr, Charles L. Drew,* for plaintiffs in error.

*J. Sidney Lanier,* contra.

BELL, Judge. While *Code* § 114-106 sets forth the premise that settlements are encouraged under the Workmen's Compensation Act, it goes on to provide that a copy of a settlement agreement shall be filed by the employer with the State Board of Workmen's Compensation, and "no such settlement shall be binding until approved by the Board." In the case of *Wiley v. Bituminous Cas. Co.,* 76 Ga. App. 862, 863 (3) (47 SE2d 652), this court stated that a settlement agreement, not otherwise identified, filed with and approved by the State Board of Workmen's Compensation was res judicata under this section, and is as binding on the parties as if the claim had been tried and a final award entered. But the *Wiley* case also announced (at page 870) that such a settlement may be reversed under *Code* § 114-709 by the board upon its own motion or the application of any party at interest on the grounds of a change in condition. While it may be considered as evidence that the employee returned to work on the day recited, it does not preclude him from showing in his testimony, as he did here, that he had not been able to work since the initial date of the injury. The finding of the director that the employee had been disabled since the date of the injury was supported by competent evidence.

The board here has found that the employee has been totally disabled from the time of the injury; that he has not returned to work; and that he is still unable to work. This conflicts with the recitation on the Final Settlement Receipt form that the employee returned to work on a particular date stated. This conflict in the evidence has been settled by the board as the trior of the facts, and their findings must prevail as they are supported by competent evidence.

Under these circumstances there is no necessity for the employee to show a change in his condition since the finding suffi-

ciently supported by evidence is that the employee had the worst possible condition of disability continuously since his accident—namely, a complete inability to work. From this condition there was not, and there need not be found, any change in condition in order to entitle the employee to the continuance of his compensation during disability.

This finding by the board has the effect of rejecting the Final Settlement Receipt filed with the board. Where, as here, the evidence authorized a finding of continuous total disability to work from the time of the injury, *Code* § 114-709 does not apply and no change of condition need be shown. Indeed under the facts as found here no change of condition could have been shown by the employee.

The opinion here makes it unnecessary to consider the other issues raised by the defendant.

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*