51392, 51393. WILLIAMSON v. GULF INSURANCE COMPANY et al.; and vice versa.

EVANS, Judge.

Bonne Williamson was employed as a waitress at the Forks Restaurant in Brunswick earning a salary of $.85 an hour plus tips. Her tips averaged $18 a night or $108 a week. She worked approximately 30 hours a week at $.85 an hour for an average of $25.50 a week. She injured her back by striking a sharp corner of a table and her injuries required medical attention.

After discussion with a representative of Gulf Insurance Group, her employer's insurance carrier, they reached an agreement as to workmen's compensation, and executed form 16, paying her $15 per week compensation until her injury terminated. This agreement was signed November 9, 1972, and a supplemental memo of agreement as to payment of compensation was entered on January 25, 1973, agreeing that she was able to return to work. Both of these agreements were approved by the board.

She then went to work at another cafeteria where she remained until she began having additional trouble with her back, and she then gave up this job. Application was made for the purpose of determining a change in condition, and at this hearing claimant contended that she entered the agreement as to the amount of her pay under misrepresentations of fact made by the representative of the insurance company to the effect that her tips did not count toward her weekly wages.

The deputy director made a finding of fact that she underwent a change in condition on a certain date, and she has been temporarily disabled as a result of the injury. His findings of fact, however, were based on the original agreement and set out that if there was a mistake as to the average weekly wages used in the agreement, this was a

matter that addressed itself to a court of equity and could not be considered in this award. The award was then made at the rate of $15 per week.

The insurer-employer appealed to the superior court contending there was no change in condition. A cross appeal was filed by the claimant to set aside the original agreement which established her wages because it was procured by fraud and mistake. The full board reached the same findings of fact and conclusions of law as did the deputy and both parties filed an appeal to the superior court. The superior court affirmed the award of the board and denied claimant's motion and cross claim to set aside the award as to the determination of the wages of the claimant under Code § 114-709. She appealed in case No. 51392. The insurer-employer cross appealed in case No. 51393. *Held:*

1. Under the "any" evidence rule, the lower court did not err in affirming the award showing a change of condition. See *Brown Transport Corp. v. Jenkins,* 129 Ga. App. 457, 458 (1) (199 SE 2d 910); *Wilson v. Aragon Mills,* 110 Ga. App. 392 (138 SE2d 596).

2. Tips a claimant receives as a part of her wages are computed with her salary to determine the compensation to which an employee is entitled. See *Employers Commercial Union Ins. Co. v. Bryant,* 130 Ga. App. 596, 597 (203 SE2d 896).

3. The original settlement agreement approved by the board is res judicata (Code § 114-106), is binding on the parties as if the claim had been tried and a final award entered. See *Wiley v. Bituminous Cas. Co.,* 76 Ga. App. 862 (47 SE2d 652).

4. Under Code Ann. § 114-709, an agreement as to payment of compensation or any other agreement between the claimant and employer executed by the parties and approved by the board is "in the absence of fraud, accident or mistake, conclusive as to such a change in condition."

5. Here the claimant alleged there was fraud, accident or mistake in the determination of the amount of the wages to which she was entitled and on which the award was determined. The first award under the approved agreement has the same legal effect and dignity

as if it were based upon evidence adduced at a hearing of the issues. See *Wiley v. Bituminous Cas. Co.,* 76 Ga. App. 862 (3), supra.

While counsel for the insurer-employer contends (as did the deputy director whose findings of fact and award were approved by the full board), that this administrative board was without authority to change the original findings which were agreed to by the parties as to the amount of weekly wages, this was partially erroneous, and partially correct. The approved agreement is conclusive, and the board is without authority to revoke, modify or change the original approved agreement retroactively. See Code Ann. §§ 114-111, 114-403, 114-415, 114-705, 114-711; and cases cited in *Fireman's Fund Ins. Co. v. Crowder,* 123 Ga. App. 469 (181 SE2d 530), p. 471 (2).

6. The deputy director was therefore partially correct in stating that only a court of equity could change the original award, because of fraud, accident or mistake as to the first award. But the rights and liabilities of employers and employees in workmen's compensation cases (other than the finality of an award) are governed by the Workmen's Compensation Act, as amended. See *Fireman's Fund Ins. Co. v. Crowder,* 123 Ga. App. 469, 471 (1), supra.

7. Code Ann. § 114-709 authorizes *changes in conditions.* Here the deputy director was making a change. Claimant alleges there was fraud, accident or mistake in the original agreement, and the deputy director on this finding of a change in condition was legally authorized to review and determine whether or not there was fraud, accident or mistake in the execution of the original agreement. Of course this would enter into his latest award, and would bear directly on the question of whether there was a "change in condition."

8. Code Ann. § 114-709 authorizes the board upon its own motion or upon the application of any party at interest, on the grounds of a change in condition, to enter a new and different award. See *Wiley v. Bituminous Cas. Co.,* 76 Ga. App. 862, 863 (3), supra; *Fidelity & Cas. Co. v. King,* 104 Ga. App. 261, 263 (121 SE2d 284).

9. The case of *Simpson v. Liberty Mut. Ins. Co.,* 99

Ga. App. 629 (109 SE2d 876) was reviewed prior to an amendment of 1968 to Code Ann. § 114-709, and the statute now recognizes the finality of the stipulation of award except where procured through "fraud, accident or mistake."

10. On this hearing as to a change in condition, the deputy director, the full board and the superior court had authority to change the amount of the earlier settlement if based on fraud, accident or mistake. But all refused to consider same on the erroneous theory that they had no such authority or jurisdiction. In this, all are in error. This case is reversed and remanded for a decision by the board on the evidence as to whether or not there was fraud, accident or mistake in the original settlement agreement because the tips of this waitress were not considered in determining the amount of her total wages for compensation purposes. A failure to include the tips in her total salary would require an award based on a change in condition.

*Judgment reversed and remanded in Case No. 51392 and affirmed on the cross appeal No. 51393. Deen, P. J. and Stolz, J., concur.*

ARGUED OCTOBER 29, 1975 — DECIDED DECEMBER 1, 1975 — REHEARING DENIED DECEMBER 15, 1975 —

*Ronald F. Adams,* for appellant.
*Savell, Williams, Cox & Angel, Lawson A. Cox, II, J. Caleb Clarke, III,* for appellees.