### 53258. ARGONAUT INSURANCE COMPANY et al. v. BURKHART.

WEBB, Judge.

In this workmen's compensation case the parties entered a Form 16 agreement as to compensation which was approved by the board on June 10, 1975. On October 28, 1975, the employee filed a request for a hearing, contending that the parties had been laboring under a mistake of fact as to the average weekly wage and that it had been computed incorrectly.[1]

The administrative law judge set aside the agreed-upon weekly wage and agreement as to compensation on the ground that the parties were laboring under a mistake of fact and, based upon evidence adduced at the hearing, a finding as to a higher weekly wage was made and higher compensation ordered. The board reinstated the original Form 16 agreement, the superior court reversed and remanded, and the employer appeals.

We reverse. While it might be desirable for the board to have plenary power over matters properly coming before it so that resort to relief in equity would be obviated, such is not the law. The administrative law judge had no authority under the circumstances here to set aside the agreement. *Jeffares v. Travelers Ins. Co.*, 138 Ga. App. 903 (228 SE2d 1) (1976); *Cotton States Ins. Co. v. Bates*, 140 Ga. App. 428 (231 SE2d 445) (1976). Accordingly the judgment of the superior court must be reversed and the award of the board reinstated.

*Judgment reversed. Marshall, J., concurs. Deen, P. J., concurs specially.*

ARGUED JANUARY 6, 1977 — DECIDED FEBRUARY 2, 1977 — REHEARING DENIED FEBRUARY 17, 1977 —

---

[1] And in this court it is urged that it should be set aside because the employee was under 18 years of age at the time he signed the agreement.

*Savell, Williams, Cox & Angel, Lawson A. Cox, II,* for appellants.
*Farrar & Farrar, Curtis Farrar,* for appellee.

DEEN, Presiding Judge, concurring specially on rehearing.

1. I am concerned over this case because it points up a distinct hiatus in workmen's compensation law. Code § 114-709 deals with hearings on change of condition, which this is not. In *Williamson v. Gulf Ins. Co.,* 137 Ga. App. 79 (222 SE2d 885), we held that a mistake as to amount of wages in the original approved agreement could be corrected where a 709 hearing was proper. Here we have exactly the same situation except that the claimant is permanently disabled and therefore there is no change of condition. Had it been otherwise, the finding of mistake by the administrative law judge would undoubtedly have been affirmed. It is my personal opinion that such situations were intended to be taken care of by the first sentence of Code Ann. § 114-706 referring to requests for hearing upon a disagreement arising after the approval of an agreement, but unfortunately such an interpretation was wiped out by the judicial requirement that 706 and 709 cases be construed in pari materia. *Arnold v. Indem. Ins. Co.,* 94 Ga. App. 493 (4) (95 SE2d 29). We have thus reached an impasse where the board may correct a mistake in an approved agreement as to the amount of average weekly wage if the claimant is temporarily disabled and goes back to work, but not if he is permanently disabled and cannot do so.

2. I also take most seriously the contention that this claimant was a minor at the time of the hiring, the injury, and the agreement to pay compensation, along with other alleged facts such as that the accident he sustained so injured his spinal cord that he has lost the use of his lower extremities and will remain a paraplegic for the rest of his life. Assuming that the agreement for payment of compensation was prepared by the employer and presented to him for signature shortly after the injury when he was awaiting an operation and was probably sedated, and assuming but not deciding that the average

weekly wage typed into such agreement was in error, as the administrative law judge found, the decision here represents a failure of justice. The contracts of infants are usually voidable. Code § 20-201. Under the provisions of Code §§ 114-307 and 114-420 it is clearly the intent of compensation law to have the infant protected by a guardian, guardian ad litem, or trustee, none of which occurred in this case. I would therefore assume his remedy lies under Code § 81A-160 (e).