## 32232. BURKHART v. ARGONAUT INSURANCE COMPANY et al.

NICHOLS, Chief Justice.

This court granted certiorari in this workmen's compensation case to review whether there is "a valid distinction between the board's ability to correct a mistake of fact as to average weekly wages in a partial disability case but not in a total disability case." The question as thus presented is whether the board has jurisdiction on a change of condition hearing under Code Ann. § 114-709 to make a new determination of any or all the facts established by the previous award other than the degree of disability suffered by the claimant.

The Court of Appeals held in *South v. Indemnity Ins. Co. of N. A.,* 39 Ga. App. 47 (3) (146 SE 45) (1928), that: "Under section 45 [now § 114-709] of the workmen's compensation act, on application of any party at interest 'on the ground of a change in condition, the industrial commission may at any time review any award or any settlement made between the parties and filed with the commission, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded.' Upon an application for such review, the essentials leading up to the award are to be taken as res judicata, but the physical condition of the employee remains open to inquiry. *Gravitt v. Georgia Casualty Co.,* 158 Ga. 613 (123 SE 897); *Globe Indemnity Co. v. Lankford,* 35 Ga. App. 599 (134 SE 357)."

This court and the Court of Appeals have consistently followed this holding with the exception of *Williamson v. Gulf Ins. Co.,* 137 Ga. App. 79 (222 SE2d 885) (1975), in which the court held that the administrative law judge could recompute the average weekly wage on a change of condition hearing. The Workmen's Compensation Act has not been amended so as to give the board jurisdiction to determine anything but a change in condition in the economic status of the employee occasioned by his ability or inability to return to work for the same or any other employer, which inability is proximately caused by the accidental injury.

The *Williamson* case is the only case which allows, or

purports to allow, the issue of average weekly wage to be relitigated in a change of condition hearing and is expressly disapproved.

In *Gravitt v. Ga. Cas. Co.*, 158 Ga. 613, 616, supra, this court held: " 'If the employee can ask for a rehearing on the merits in this manner, the same right must be given to the employer, and a weapon placed in his hands that by delay would thwart the very salutary purpose of the Act. Then, too, there would seem to be no limitation to the time when such a petition could be filed. In short, these cases, intended to be speedily and "summarily" disposed of, might be dragged to an interminable length.' "

The Court of Appeals correctly ruled that the board had no jurisdiction to reopen this case to correct the award which had become final.

*Judgment affirmed. All the Justices concur, except Marshall, J., who is disqualified.*

ARGUED JUNE 15, 1977 — DECIDED SEPTEMBER 8, 1977.

*Farrar & Farrar, Curtis Farrar,* for appellant.
*Savell, Williams, Cox & Angel, Lawson A. Cox, II,* for appellees.