## 54562. NANCE v. ARGONAUT INSURANCE COMPANY et al.

WEBB, Judge.

Olive Cleo Nance appeals from the order of the superior court affirming the award of the State Board of Workmen's Compensation, which affirmed the findings of fact and award of the administrative law judge.

Mrs. Nance was a yarn splicer or "creeler" employed by the Rossville Spinning Company and after many years work the index fingers and thumbs of both hands became sensitive to the glue, which caused ulcerated, raw and denuded areas thereon. This condition caused her to leave work intermittently from June 16, 1975, while her fingers were treated for a period of several months, until February 9, 1976, when her doctor pronounced her ready to return to work, but recommended that she not continue this type of work as the problem was likely to recur. She worked for that single day at her old job and then was terminated at the close of her shift because her employer felt that it would be detrimental to her health if she continued this work. In July of 1975 Mrs. Nance had been offered a different job at a reduced rate of pay, which she refused. Subsequently Mrs. Nance filed for a hearing

based on a change in condition, at which time she alleged a new accident on September 22, 1975, and a change in condition from the accident of June 16.

The ALJ found that the only injury sustained by Mrs. Nance was that occurring June 16; that she had been dismissed as cured by her doctor and was able to return to work on February 9, 1976; that she sought no further medical relief and had reached maximum improvement as of February 9; and that she was therefore not entitled to any further benefits for temporary total disability. Although the attending physician's report showed no permanent disability, the ALJ, after personally viewing Mrs. Nance's fingers and considering her testimony, found that she did have 20% permanent disability of her left index finger and 10% permanent disability to her left thumb due to scar tissue, pain and tenderness which prohibited normal use.

1. Mrs. Nance insists that she should be receiving compensation benefits for total disability under Code Ann. § 114-404 because she has two fingers disabled. However, Code Ann. § 114-406 (s) specifies that only "Loss of both arms, hands, legs, or feet or any two of these members, or the permanent total loss of vision in both eyes, shall be deemed permanent total incapacity and shall be compensated under Code Ann. § 114-404." Since Mrs. Nance's disability was confined to the left hand, she is entitled to receive compensation based only on a specific member injury upon the date of maximum improvement. *Armour & Co. v. Walker,* 99 Ga. App. 64, 65 (1) (107 SE2d 691) (1959).

2. The evidence was ample to support the finding that Mrs. Nance had reached maximum medical improvement on February 9, 1976. Where maximum improvement is reached within 52 weeks from the date of injury a claimant with a specific member injury under Code Ann. § 114-406 is entitled to compensation for total or partial disability so long as he is totally or partially disabled or until maximum improvement is reached, *"whichever occurs first."* (Emphasis supplied.) The argument that § 114-406 creates a vested right to 52 weeks of benefits under §§ 114-404 or 114-405 ignores the purpose of the statute. See *Maryland Cas. Co. v. Smith,* 44

Ga. App. 840, 844 (163 SE 247) (1932), decided prior to the 1973 amendment extending the "healing period" to 52 weeks.

We find no merit in any of claimant's contentions.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

SUBMITTED SEPTEMBER 8, 1977 — DECIDED SEPTEMBER 22, 1977 — REHEARING DENIED OCTOBER 14, 1977.

*Brown, Harriss, Hartman & Ruskaup, Don L. Hartman,* for appellant.

*Savell, Williams, Cox & Angel, Lawson A. Cox, II,* for appellees.