### 54304. WILLS v. ST. PAUL FIRE & MARINE INSURANCE COMPANY et al.

BIRDSONG, Judge.

This appeal arises from a workmen's compensation case. Claimant, the appellant Wills, was employed by Lee's Farm Service, Inc. While engaged upon his employer's business, Wills fell approximately 15 feet from a grain elevator landing upon his feet. As a result of the fall, Wills drove his right heel into his ankle. Prior to his injury, Wills worked for a straight salary of $165 per week but because of overtime earned as much as $326 per week.

During the 13 weeks before the injury, it appears that he earned an average of the $326 figure. The employer, employee and the employer's insurer, St. Paul Fire & Marine Ins. Co., the other appellee, entered into an agreement for compensation which was based upon an average weekly wage of $295. This agreement was approved by the board of workmen's compensation. Subsequently, Wills returned to work for his employer but complained that he could not perform the same work as before his injury because the pain in his foot precluded him from lifting heavy loads, from climbing, and working the same long periods of overtime. After a week, he informed his employer that he could earn more working for his brother and voluntarily quit. The employer brought this action before the board of workmen's compensation alleging a change of condition, asserting that Wills refused to sign a termination agreement. Wills sought to have the original compensation agreement modified to show that the average weekly wage upon which the award was based should have been $326 rather than $295. The administrative law judge found a continuing disability and, on the ground that the original agreement was based upon mistake, accident or fraud, modified the terms of the approved compensation agreement. She computed the award of compensation upon the provisions of Code Ann. § 114-405, which deals with partial incapacity based upon general bodily, nonspecific member injury and authorizes compensation for a period of up to 350 weeks rather than basing the award upon a specific member injury which authorizes compensation for a period of 135 weeks. The employer appealed the award of the State Board of Workmen's Compensation which adopted the award of the administrative law judge as its own. The employer then appealed to the superior court. That court reversed the board, holding that the board exceeded its authority in changing the terms of an agreement which had been approved finally by the State Board of Workmen's Compensation. The superior court also held that the award should have been based upon a specific member injury under Code § 114-406 rather than a partial incapacity under the terms of Code § 114-405. The

claimant has appealed the judgment of the superior court.
*Held:*

1. We affirm the judgment of the superior court. Nevertheless, we do recognize an unfortunate area of confusion concerning the power of the board of workmen's compensation to correct or modify a previously approved compensation agreement.

For many years it has been accepted law in this state that in the absence of a change of condition a prior determination by the board of workmen's compensation is a matter of res judicata. *Teems v. American Mut. Liab. Ins. Co.,* 41 Ga. App. 100 (151 SE 826) (1930); *Ga. Marine &c. Co. v. Merritt,* 82 Ga. App. 111 (60 SE2d 419) (1950); *Maryland Cas. Co. v. Mitchell,* 83 Ga. App. 99 (1) (62 SE2d 415) (1950); *Miller v. Hartford Acc. &c. Co.,* 86 Ga. App. 503 (71 SE2d 782) (1952); *Arnold v. Indem. Ins. Co.,* 94 Ga. App. 493 (4) (95 SE2d 29) (1956); *Simpson v. Liberty Mut. Ins. Co.,* 99 Ga. App. 629 (109 SE2d 876) (1959); *Baker v. Liberty Mut. Ins. Co.,* 103 Ga. App. 100 (118 SE2d 386) (1961); *St. Paul Fire &c. Ins. Co. v. Bridges,* 106 Ga. App. 621 (127 SE2d 699) (1962); *Fireman's Fund Ins. Co. v. Crowder,* 123 Ga. App. 469 (181 SE2d 530) (1971); *Robinson v. Zurich Ins. Co.,* 131 Ga. App. 795, 796 (207 SE2d 209) (1974); *Jeffares v. Travelers Ins. Co.,* 138 Ga. App. 903 (228 SE2d 1) (1976); *Cotton States Ins. Co. v. Bates,* 140 Ga. App. 428 (231 SE2d 445) (1976); *Argonaut Ins. Co. v. Burkhart,* 141 Ga. App. 296 (233 SE2d 235) (1977). The oft-repeated principle is perhaps best stated in *Robinson v. Zurich Ins. Co.,* supra, where the court ruled that the board of workmen's compensation is an administrative body and possesses only the jurisdiction, power, and authority granted to it by the legislature. Where the parties' agreement has been approved by the board, the board is without authority to vacate, set aside, or modify a prior final award in the absence of a change of condition.

In some of these opinions, however, language has been utilized that would indicate that the board has a "reasonable time" to modify or correct an error in an agreement or award. Thus, in *Ga. Marine &c. Co. v. Merritt,* supra, it was indicated that an agreement could be changed within a reasonable time, which was held to be

30 days. To the same effect is dicta in *Arnold v. Indem. Ins. Co.,* supra. This authority was considered directly in *St. Paul Fire &c. Ins. Co. v. Bridges,* supra, and the basic res judicata nature of an approved agreement was re-affirmed. That case held substantially that an approved agreement is res judicata and in the absence of fraud, accident or mistake, the board has no jurisdiction, even within the 30-day period after approval, to vacate, modify or change the agreement or the order approving it except following a hearing on a change of condition in which such a change of condition is established by competent evidence. The remedy for an error in an approved agreement has been stated to be limited to the superior court but acting as a court of equity. See *Jeffares v. Travelers Ins. Co.,* supra; *Cotton States Ins. Co. v. Bates,* supra.

The reasoning of the *St. Paul Fire &c. Ins. Co. v. Bridges* case, supra, illustrates other language that has created confusion. That case cites frequently used language that an approved agreement is res judicata "in the absence of fraud, accident, or mistake." What constitutes cognizable fraud, accident, or mistake has not been clearly established. In the case of *Fidelity & Cas. Co. v. King,* 104 Ga. App. 26 (121 SE2d 284) (1961), the court, while recognizing the doctrine of res judicata, found that there existed an obvious misstatement of fact in the compensation agreement. The board's new finding of fact was determined to constitute a change of conditon thus warranting a rejection of the approved agreement. In its opinion, the court did not attempt to distinguish the rule that establishes the finality of an approved agreement. Similarly, in *Williamson v. Gulf Life Ins. Co.,* 137 Ga. App. 79 (222 SE2d 885) (1975), this court held that, where the board makes a determination that an accident, mistake or fraud exists in the body of an agreement, such finding by the board constitutes a change of condition. Thus, at least in these two cases, there is an indication that a previously approved agreement may be modified under the guise of a change in condition. However, this very contention was considered and rejected in *Cotton States Ins. Co. v. Bates,* supra, p. 429, where it was held:

"As has been stated previously by this court the only

remedy for a person who contends that an agreement was entered into through fraud, accident or mistake is in a court of equity.

"The appellant contends that the 1975 amendment to Code § 114-708 (Ga. L. 1963, pp. 141, 156; 1975, pp. 198, 208) confers authority upon the board to vacate its original award and deny compensation. With this contention we do not agree. The 1975 amendment stated in part: 'Within the time limit provided by this section for review by all the members of an award made in accordance with section 114-707 or within the time limit provided by section 114-710 for appeal to a superior court, upon or without the suggestion of a party to the proceedings, and notwithstanding the filing of an application for review or appeal, the full board or any of its members or deputy directors issuing an award shall have authority to reconsider, amend or revise the award to correct apparent errors and omissions.'

"The 1975 statute now gives the board authority to amend its awards to correct obvious errors. It is clear that the intent of this amendment was to allow the board to correct mistakes in an award which appears *in the record* of the case. An example of this would be where the average weekly wage of the claimant as shown in the record was incorrectly stated in the award. The intent of the 1975 amendment was not to open the case for a de novo hearing in regard to whether the compensation is payable." (Emphasis supplied.) To the same effect, see *Argonaut Ins. Co. v. Burkhart,* supra; *Jeffares v. Travelers Ins. Co.,* supra; *Robinson v. Zurich Ins. Co.,* supra. On certiorari to the Supreme Court of this state, it was held in *Burkhart v. Argonaut Ins. Co.,* 239 Ga. 608 (1977), that the correction of a mistake in a prior approved award did not constitute a change of condition. The rationale of the *Williamson* case, supra, was expressly disapproved. To establish a change of condition as opposed to a new injury (see *Garner v. Atlantic Bldg. Systems,* 142 Ga. App. 517 (236 SE2d 183) (1977)), it must be shown either that the condition has grown worse or alternatively, that it has improved; that because of this change, the claimant is unable to continue to work, or conversely able to work with a lesser degree of disability; that because of the

inability to work the claimant suffers from a partial or total loss of income or conversely that because the inability to work has been lessened, the claimant is fully or partially employable, and the loss of income has been fully or partially alleviated; and lastly, if an inability to work persists, that such inability was proximately caused by a previous accidental injury. See *Leatherby Ins. Co. v. Hubbard,* 142 Ga. App. 476, 479 (236 SE2d 168) (1977); *Whitner v. Ga. State Univ.,* 139 Ga. App. 212, 213 (228 SE2d 200) (1976); *Roland v. Cotton States Mut. Ins. Co.,* 133 Ga. App. 442 (211 SE2d 395) (1974).

In this case, the evidence clearly meets the test of a continuing partial disability resulting from a previous injury with a resultant decreased income potential, and it was proper for the administrative law judge to award compensation based upon the loss of income established by the evidence. The superior court correctly concluded, however, that the award was in error insofar as it attempted to modify a previously approved award. Claimant's remedy as to this error lies in a court of equity and not with the State Board of Workmen's Compensation.

2. In his second enumeration, appellant urges error in the conclusion of the superior court that the compensable injury was to a specific member and that the amount of compensation properly should be computed in accordance with the provisions of Code § 114-406 rather than Code § 114-405 dealing with unspecified partial disability.

Though the evidence does show that claimant has less stamina, is able to work fewer hours, is unable to climb grain elevators or carry the heavy loads he previously carried, there is no showing of multiple or super-added injuries. The only evidence of an injury was that of the injury to the right heel. It follows that the superior court correctly remanded the case for reconsideration of award under the provisions of Code § 114-406. *Black v. American &c. Ins. Co.,* 123 Ga. App. 133, 136 (4) (179 SE2d 679) (1970); *Nation v. Pacific Employers Ins. Co.,* 112 Ga. App. 380, 383 (5) (145 SE2d 265) (1965); *Surmiak v. Standard Acc. Ins. Co.,* 106 Ga. App. 479 (127 SE2d 334) (1962); *National Surety Corp. v. Nelson,* 99 Ga.

App. 95 (1) (107 SE2d 718) (1959); *Globe Indem. Co. v. Brooks,* 84 Ga. App. 687, 688 (67 SE2d 176) (1951); *New Amsterdam Cas. Co. v. Brown,* 81 Ga. App. 790 (1) (60 SE2d 245) (1950).

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED SEPTEMBER 6, 1977 — DECIDED OCTOBER 18, 1977.

*Smith, Geer, Brimberry & Kaplan, Daniel MacDougald, III,* for appellant.

*Savell, Williams, Cox & Angel, John M. Williams, Mark S. Gannon,* for appellees.