56572. CONTINENTAL CASUALTY COMPANY et al. v. CASTLEBERRY.

Quillian, Presiding Judge.

This is an appeal from a judgment of the superior court which affirmed an award of the State Board of Workers' Compensation. *Held:*

The board awarded the claimant compensation for 10% loss of left hand. However, the evidence shows that the injury was confined to two fingers on that hand. There was no evidence that the injury to the fingers also impaired the use of the hand so that compensation would be payable for loss of use of the hand rather than the fingers. *Wiley v. Bituminous Cas. Co.,* 76 Ga. App. 862 (47 SE2d 652). While the doctor's report stated the claimant had a 10% loss of use of the left hand, the report only refers to an injury to the fingers.

As was stated in the *Wiley* case, Code Ann. § 114-406

(Code § 114-406; as amended through Ga. L. 1974, pp. 1143, 1145) provides compensation for loss of use of the fingers separately from the hand. Therefore, where only the fingers are injured, and the use of the hand is affected only insofar as the use of the fingers is affected, compensation must be paid on the basis fixed for the fingers and not the hand.

There being no evidence that the injury to the fingers resulted in a loss of use of the hand, the award granting compensation for a 10% loss of the hand was not authorized. *Murray v. Hartford Acc. &c. Co.*, 135 Ga. App. 870 (219 SE2d 472).

The medical evidence does not state what percent of loss of use there was to the fingers themselves. Therefore, this case must be remanded to the board with direction that the additional medical evidence necessary to make a proper determination of this case be taken and an award entered accordingly.

This case is reversed with direction that the superior court remand the case to the State Board of Workers' Compensation with direction as stated in this opinion.

*Judgment reversed with direction. Webb and McMurray, JJ., concur.*

SUBMITTED SEPTEMBER 7, 1978 — DECIDED OCTOBER 23, 1978.

*Hugh E. Smith,* for appellants.
*James A. Glenn, Jr.,* for appellee.