73557. N. G. GILBERT CORPORATION et al. v. CASH.
(353 SE2d 840)

SOGNIER, Judge.

Oscar Cash was employed by N. G. Gilbert Corporation when he sustained severe work-related injuries caused by a seventy foot fall out of a pine tree. Dr. William Clark, the treating physician, made three determinations as to the percentages of permanent partial physical impairment suffered by Cash: the first in December 1983, the second in February 1984 (repeated a month later) at the request of Aetna Casualty and Surety Company, N. G. Gilbert's insurer, and a third rating after Cash underwent surgery in 1985. The administrative law judge (ALJ) found that Cash was entitled to 425 weeks of benefits under the provisions of OCGA § 34-9-263 (c) based upon Dr. Clark's ratings on the permanent disability to Cash's back (whole body) and Cash's left arm, left hand, left leg, left foot, and right leg. The State Board of Workers' Compensation (Board) made the ALJ's findings of facts its findings but determined that the ALJ had incorrectly computed the number of weeks Cash was entitled to benefits. The Board reduced the award to 329.75 weeks of benefits, primarily by combining the left hand and arm into one overall percentage and the left leg and foot into one. The Superior Court of Jefferson County held that the Board erred as a matter of law when it altered the method of computing Cash's benefits used by the ALJ and reinstated the ALJ's award. We granted the application for discretionary appeal filed by

N. G. Gilbert and Aetna.

Appellants contend the superior court erred as a matter of law in its interpretation of the evidence before the ALJ and the Board. The record shows that appellee fractured his pelvis, hip, leg, and arm in this fall in May 1982. Dr. Clark felt appellee had reached maximum improvement when he (Dr. Clark) itemized appellee's permanent injuries in the December 1983 report. This report is crucial in that it contains the only individual breakdown of the percentages of permanent physical impairment sustained by the major members of appellee's body.

Dr. Clark gave a 35% permanent physical impairment rating to appellee's left arm as the result of damage to the left elbow, gave a 20% permanent physical impairment to appellee's left wrist, and an 80% permanent physical impairment rating to appellee's left hand. Dr. Clark then related the hand to appellee's left arm as a whole to come up with an overall percentage. Dr. Clark also found that the shortening by one to one and one-half inches of appellee's left leg resulted in a 15% permanent physical impairment of that major member. Dr. Clark then apparently combined ankle and foot to come up with a 25% permanent physical impairment rating to the foot as the result of a "mild inversion deformity and partial ankylosis of subtalar joint." Dr. Clark then calculated the permanent physical impairment to the left leg as a whole. Dr. Clark's ratings as to appellee's spine and hip injuries and right leg injury are not in issue here.

We find this evidence sufficient to support the ALJ's finding that individual injuries were sustained by appellee's left hand, arm, foot and leg, and therefore, we affirm the superior court's ruling which reversed the Board's award as to the calculation of appellee's benefits. As a matter of law, a claimant under the Georgia Workers' Compensation Act (OCGA § 34-9-1 et seq.) is entitled to benefits for permanent partial disability for each specified individual member injured in a work-related accident. OCGA § 34-9-263; see *Holcombe v. Fireman's Fund Ins. Co.*, 102 Ga. App. 587 (116 SE2d 891) (1960). The Board erred as a matter of law when it discounted the individual injuries incurred by appellee to his left hand and foot, as found by the ALJ. The method used by the Board, and urged on appeal by appellants, is proper only where damage to one major member so negatively impacts on a second major member that, despite the absence of an injury in and of itself to the second member, a permanent physical impairment results in the second member. See *Continental Cas. Co. v. Castleberry*, 147 Ga. App. 684 (250 SE2d 19) (1978). That method is not applicable under the facts in this case.

We note that the ALJ did not include the assigned percentage of damage to appellee's left wrist in his award although Dr. Clark included a separate percentage for the wrist in his December 1983 re-

port. Nor did the ALJ alter the amount of Dr. Clark's impairment percentages as to appellee's left arm and hand to take the damaged wrist into consideration. Thus, the damage to the wrist (an unspecified member under OCGA § 34-9-263 (c)) was not related to either the arm or the hand (specified members, OCGA § 34-9-263 (c) (1) and (3)) in the ALJ's award. No appeal was filed by appellee seeking to have this injury related to one of the specified members in order to obtain the extra percentage of compensation due. Therefore, despite appellants' various arguments regarding the assignment by Dr. Clark of a permanent impairment percentage to appellee's wrist, we need not concern ourselves with an error which benefits appellants. See generally *Campbell v. Alford*, 155 Ga. App. 689, 690 (2) (272 SE2d 553) (1980).

Appellants enumerate as separate error the superior court's interpretation of the injury to appellee's left leg. The record shows that appellee fractured his leg in his work-related injury; Dr. Clark found a 15% permanent physical disability due to the shortening of the leg. Appellants argue that this evidence does not show an independent injury, asserting that Dr. Clark's combination of appellee's foot and ankle injury indicates the injury to the foot may have been an injury to the ankle (an unspecified member considered part of the leg), and thus the shortening of the leg may have been the result of the ankle-foot injury. Appellants argue this supports the Board's finding that the injuries sustained by appellee's leg and foot were interrelated, rather than individual.

"It is axiomatic that any finding of fact by the board, if supported by any evidence, is conclusive and binding upon the superior court and this court. OCGA § 34-9-105; [Cit.]" *Walton County v. Williams*, 171 Ga. App. 779, 780 (320 SE2d 846) (1984). We cannot say, as a matter of law, that the evidence before the ALJ (whose findings of fact were adopted by the Board) that appellee fractured his leg in his fall did not support the ALJ's award to appellee for an independent leg injury based on Dr. Clark's report. Further, although Dr. Clark combined foot and ankle in his report, he stated the injury was to appellee's "subtalar joint," which is the joint *beneath* the talus, or ankle bone. See Dorland's Illustrated Medical Dictionary (25th ed.). Thus, Dr. Clark's description of the injury indicates the damage sustained was to appellee's foot rather than appellee's ankle and constitutes some evidence in support of the ALJ's award for appellee's foot individually.

Therefore, because there is some evidence to support an award of benefits for each individual member under OCGA § 34-9-263, we affirm the superior court's ruling.

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED JANUARY 28, 1987 —
REHEARING DENIED FEBRUARY 13, 1987 —

*Andrew J. Hamilton, Gwendolyn R. Tyre*, for appellants.
*Samuel A. Fowler, Jr.*, for appellee.