77297. UNITED PARCEL SERVICE et al. v. OUTLAW.
(380 SE2d 310)

CARLEY, Chief Judge.

On September 26, 1985, appellee-employee received a blow to his right foot in an on-the-job accident. He received workers' compensation in the form of temporary total disability income benefits until he returned to work on February 10, 1986. Because the accident had necessitated the amputation of three of appellee's toes, appellants-employer/insurer commenced the payment of permanent partial disability income benefits to him. These benefits were calculated by appellants on the basis of the actual loss of appellee's three amputated toes. See OCGA § 34-9-263 (c) (11).

At appellee's request, a hearing was held in April of 1987 to determine "whether or not [he was] entitled to any additional permanent partial disability income benefits [under OCGA] § 34-9-263." The Administrative Law Judge (ALJ) found that appellee had suffered no "actual permanent partial impairment to his right foot or leg, besides the loss of his second, third and fourth toes[,] as a result of his September 26, 1985 injury." Under such circumstances, the ALJ concluded that appellee was "entitled to be paid permanent partial disability benefits equal to the greater of the number of weeks for his actual lost members[, i.e., his three toes,] or the referred loss to other members[, i.e., his right foot or right leg,] caused by the actual loss of his toes, but not both." Because the benefits payable for the actual loss of appellee's three toes would be greater than the benefits payable for either the 15 percent permanent partial disability found to exist in his right leg as the result of the loss of the toes or the 25 percent permanent partial disability found to exist in his right foot as the result of the loss of the toes, the ALJ concluded that appellee's "permanent partial disability income benefits have been correctly calculated by [appellants] and that [appellee] is not entitled to any additional permanent partial disability income benefits as a result of his September 26, 1985 injury."

Appellee appealed to the Full Board. After a de novo review, the

Full Board adopted the award of the ALJ as its own. Appellee then appealed to the superior court. The superior court remanded the case for the Full Board's determination of "whether or not [appellee] suffered an injury to his foot as well as to his toes." Appellants then applied to this court for a discretionary appeal from the superior court's order. This appeal is the result of the grant of appellants' application.

1. "As a matter of law, a claimant under the Georgia Workers' Compensation Act ([cit.]) is entitled to benefits for permanent partial disability for *each* specified individual member injured in a work-related accident. [Cits.]" (Emphasis supplied.) *N. G. Gilbert Corp. v. Cash*, 181 Ga. App. 775, 776 (353 SE2d 840) (1987). It is undisputed, that appellee was injured to the extent of losing three toes as the result of his work-related accident and that he is entitled to benefits for that injury. The issue presented for resolution is whether appellee is also entitled to additional compensation for any permanent partial disability of his foot or his leg. Although the superior court remanded the case for the Full Board to determine whether appellee had suffered a compensable injury to his foot, it is clear that the Full Board has *already* addressed this factual question. The award of the ALJ, as adopted by the Full Board, specifically found that appellee had incurred no "actual permanent partial impairment of his right foot or leg, *besides* the loss of his second, third and fourth toes as a result of his September 26, 1985 injury." (Emphasis supplied.) Accordingly, the superior court erred in remanding the case. The decisive issue is not the failure of the Full Board to make a finding relative to the separate compensability of appellee's foot or leg but the sufficiency of the evidence to support the finding which was actually made by the Full Board as to noncompensability for those specific members.

In appellee's medical records, his treating physician had noted the following permanent disability rating: "100% 2nd, 3rd, 4th toes, rt. foot. *15% right lower extremity.*" (Emphasis supplied.) Appellee urges that, in its emphasized portion, his medical record demands a finding of separate compensability for the 15 percent permanent partial disability found to exist as to his "right lower extremity." However, the medical records themselves do not affirmatively show that the 15 percent loss of use of appellee's "right lower extremity" is the result of any injury to the "right lower extremity" *except* that that occasioned by the actual loss of his toes. Compare *General Accident &c. Corp. v. Beatty*, 45 Ga. App. 104-105 (1) (163 SE 302) (1932), holding that when an employee suffers, "in addition to the loss of the two toes, a partial disability to the foot from *injury to the ligaments and muscles that controlled the lost toes, and also an injury to the instep of the foot*, he was, in addition to the compensation awarded for the loss of the toes, entitled to compensation for a partial loss of

the use of the foot. . . ." (Emphasis supplied.) There is absolutely nothing in the record which would demand a finding that the 15 percent permanent disability rating relative to appellee's "right lower extremity" was not, as the Full Board interpreted it, merely the physician's .determination of the *equivalent* percentage of permanent disability to appellee's "right lower extremity" resulting *solely* from the amputation of appellee's toes. See *Holcombe v. Fireman's Fund Ins. Co.*, 102 Ga. App. 587 (116 SE2d 891) (1960). "The [foot] includes the [toes], and it is of course true that an injury to a [toe] is an injury to the [foot]; but the law provides that if the [foot] is injured as a result of the injury to a [toe], *and in no other way*, the injury to the [foot] shall be compensated for in a certain and definite manner, namely, a certain amount for the loss of the [toe], or the use thereof, or for partial loss, or partial loss of use." (Emphasis supplied.) *Travelers Ins. Co. v. Colvard*, 70 Ga. App. 257, 258 (28 SE2d 317) (1943). "The employee would be entitled to the additional compensation for a partial loss of the use of his foot . . . *if* the loss of the toes was *not* a contributing cause of the partial loss of the use of his foot." (Emphasis supplied.) *General Accident &c. Corp. v. Beatty*, 174 Ga. 314 (1b) (162 SE 668) (1932). Accordingly, if, as it appears, appellee suffered *the equivalent* of a 15 percent permanent partial disability of his "right lower extremity" as a whole *solely* as the result of the 100 percent loss of three of his toes, the Full Board was correct in its award to appellee of the greater compensation payable for the actual loss of the toes. "[W]here there are specific losses as listed in [OCGA § 34-9-263], the amounts payable for the bodily members as listed in the schedule there[in] *must be awarded as a minimum*, and . . . an estimation of percentage of partial loss of use of the [foot] as a whole, caused by amputations of three [toes] . . . *cannot be applied to the partial loss of use of the [foot] as a whole so as to give the claimant a lesser award.*" (Emphasis in original.) *Holcombe v. Fireman's Fund Ins. Co.*, supra at 590-591 (On Motion For Rehearing). See also *Continental Cas. Co. v. Castleberry*, 147 Ga. App. 684 (250 SE2d 19) (1978).

Appellee also urges that his own testimony would demand a finding of separate compensability for the 25 percent permanent partial disability found to exist as to his foot. However, the most that appellee's testimony shows is his opinion as to the overall percentage of permanent partial disability of his foot as a whole resulting from his work-related accident. See *Nance v. Argonaut Ins. Co.*, 143 Ga. App. 537 (239 SE2d 156) (1977). Nothing in appellee's testimony would *demand* a finding that such permanent partial disability as exists in his foot is the proximate result of any injurious factor other than the loss of his toes. Compare *General Accident &c. Corp. v. Beatty*, 45 Ga. App. 104 (1), supra. Accordingly, based upon appellee's testimony,

the Full Board was authorized to find that he had suffered a 25 percent permanent partial disability to his foot as a whole as the result of his work-related accident. However, if, solely as the result of the 100 percent loss of three of his toes, appellee suffered *the equivalent* of a 25 percent permanent partial disability of his foot, the Full Board was correct in its award to appellee of the greater compensation payable for the actual loss of the toes. *Holcombe v. Fireman's Fund Ins. Co.*, supra.

2. The evidence did not demand a finding that the 15 percent disability found to exist as to appellee's "right lower extremity" or the 25 percent disability found to exist as to appellee's right foot is the result of anything other than the 100 percent loss of his three toes. Under these circumstances, the Full Board was authorized to find that appellee was not entitled to separate additional compensation for his foot or his leg and to award compensation based solely on the loss of the toes. See *Holcombe v. Fireman's Fund Ins. Co.*, supra. Compare *N. G. Gilbert Corp. v. Cash*, supra. The superior court erred in failing to affirm the award.

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED MARCH 7, 1989 —
REHEARING DENIED MARCH 21, 1989.

*Tillman, McTier, Coleman, Talley, Newbern & Kurrie, George T. Talley*, for appellants.

*F. Leonard Morris*, for appellee.